## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EMERALD OIL, INC., *et al.*,[1] | ) Case No. 16-10704 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| EMERALD OIL, INC., *et al.*, | ) |
| | ) |
| | ) Adversary Proceeding No. 16-50998 |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| DAKOTA MIDSTREAM, LLC; DAKOTA ENERGY CONNECTION, LLC; AND DAKOTA FLUID SOLUTIONS, LLC F/K/A MESA OIL SERVICES, LLC, | ) ) ) ) |
| | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF WADE STUBBLEFIELD IN SUPPORT
## OF THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, Wade Stubblefield, hereby declare as follows under penalties of perjury:

1.      I submit this declaration (this "Declaration") in support of the *Plaintiffs' Motion for Summary Judgment* (the "Motion for Summary Judgment").[2]

2.      The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Plaintiffs'

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Emerald Oil, Inc. (9000); Emerald DB, LLC (2933); Emerald NWB, LLC (7528); Emerald WB LLC (8929); and EOX Marketing, LLC (4887).  The location of the Debtors' service address is: 200 Columbine Street, Suite 500, Denver, Colorado 80206.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion for Summary Judgment.

KE 41885733

employees or advisors, or employees of Opportune LLC ("Opportune") working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of their businesses.  I am not being specifically compensated for this testimony other than through payments received by Opportune as a professional retained by the Plaintiffs in their chapter 11 cases captioned above.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.  I am authorized to submit this Declaration on behalf of the Plaintiffs.

3.      I am a Managing Director with Opportune, a restructuring advisory services firm with numerous offices throughout the country.  I have more than 25 years of financial and restructuring experience.  I am generally familiar with the Plaintiffs' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records.

4.      The Plaintiffs enter into executory contracts in the ordinary course of their operations.  In connection with these chapter 11 cases, the Plaintiffs, with the assistance of their advisors, are in the process of evaluating the current and expected use of their executory contracts, the ongoing cost of the contracts, and the effect on the business of rejecting such contracts.

**A.      The Gas Gathering Agreement.**

5.      Emerald Oil, Inc. ("Emerald Oil") and Emerald WB LLC ("Emerald WB," and together with Emerald Oil, the "Plaintiffs") are party to that certain Amended and Restated Gas Dedication and Gathering Agreement having an effective date of July 1, 2014 (the "Gas Gathering Agreement") with Dakota Midstream, LLC ("Dakota Midstream").  A true and correct copy of the Gas Gathering Agreement is attached hereto as **Exhibit A**.

6. Pursuant to the terms of the Gas Gathering Agreement, the Plaintiffs agreed to have Dakota Midstream receive, gather, and redeliver natural gas attributable to the Plaintiffs' natural gas production in an area specified in more detail in the Gas Gathering Agreement (the "Dedicated Gas Area"). The Gas Gathering Agreement is a long-term agreement with over 13 years remaining.

7. The Gas Gathering Agreement obligates the Plaintiffs to exclusively contract with Dakota Midstream for the receipt, gathering, and redelivery of the Plaintiffs' natural gas produced from the Dedicated Gas Area.

**B.      The Crude Oil Gathering Agreement.**

8. Emerald Oil and Emerald WB are party to that certain Amended and Restated Crude Oil Dedication & Throughput Commitment Transportation Agreement having an effective date of July 1, 2014 (the "Crude Oil Gathering Agreement") with Dakota Midstream and Dakota Energy Connection, LLC ("Dakota Energy"). A true and correct copy of the Crude Oil Gathering Agreement is attached hereto as **Exhibit B**.

9. Pursuant to the terms of the Crude Oil Gathering Agreement, the Plaintiffs agreed to have Dakota Midstream and Dakota Energy receive, gather or transport, and redeliver crude oil attributable to the Plaintiffs' oil production in an area specified in more detail in the Crude Oil Gathering Agreement (the "Dedicated Oil Area"). The Crude Oil Gathering Agreement is a long-term agreement with over 13 years remaining.

10. The Crude Oil Gathering Agreement obligates the Plaintiffs to exclusively contract with Dakota Midstream and Dakota Energy for the receipt, gathering or transport, and redelivery of the Plaintiffs' crude oil produced from the Dedicated Oil Area.

**C.      The Water Gathering Agreement.**

11.      Emerald Oil and Emerald WB are party to that certain Amended and Restated Water Dedication and Gathering Agreement having an effective date of July 1, 2014 (the "Water Gathering Agreement") with Dakota Fluid Solutions LLC f/k/a Mesa Oil Services, LLC ("Dakota Fluid").  A true and correct copy of the Water Gathering Agreement is attached hereto as **Exhibit C**.

12.      Pursuant to the terms of the Water Gathering Agreement, the Plaintiffs agreed to have Dakota Fluid receive, gather, and deliver all of the water recovered as part of the Plaintiffs natural gas and crude oil production in an area specified in more detail in the Water Gathering Agreement (the "Dedicated Water Area").  The Water Gathering Agreement is a long-term agreement with over 13 years remaining.

13.      The Water Gathering Agreement obligates the Plaintiffs to exclusively contract with Dakota Fluid for the receipt, gathering, and delivery of the Plaintiffs water recovered as part of natural gas and crude oil production within the Dedicated Gas Area.

14.      Pursuant to section 1.7 of the Water Gathering Agreement, and as a condition precedent to the Water Gathering Agreement, Emerald Oil and Dakota Fluid entered into that certain Amended and Restated Disposal Well Services Agreement (the "Disposal Well Services Agreement").  A true and correct copy of the Disposal Well Services Agreement is attached hereto as **Exhibit D**.

15.      Pursuant to the Disposal Well Services Agreement, a long-term agreement having over 8 years remaining, Emerald Oil agreed to exclusively deliver saltwater waste to Dakota Fluid from its natural gas and crude oil production in an area specified in more detail in the Disposal Well Services Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Wilmington, Delaware
Dated: June 17 , 2016

Wade Stubblefield
Chief Restructuring Officer
Emerald Oil, Inc.